**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jason ROAHRIG, Defendant–Appellant.**

No. 03–2054.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 20, 2003.*

Decided Oct. 20, 2003.

Amended Oct. 21, 2003.

Before BAUER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

## ORDER

Jason Roahrig pleaded guilty to distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). A separate charge of conspiracy was dismissed as part of his plea agreement with the government. Roahrig was sentenced to 121 months' imprisonment, three years' supervised release, and a $100 special assessment. Roahrig appeals, but his appointed counsel seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes all potential appellate issues are frivolous. Roahrig has declined our invitation to file a response, *see* Cir. R. 51(b), and counsel's supporting brief is facially adequate, so we limit our review to the potential issues identified in the brief. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir.1996). We agree with counsel that the two potential issues he discusses would be frivolous, and therefore grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether it would be frivolous to challenge Roahrig's guilty plea on the premise that it was not taken in compliance with Federal Rule of Criminal Procedure 11. Roahrig did not move to withdraw his guilty plea, so our review would be for plain error only. *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). We have held that counsel should not raise a Rule 11 argument on appeal, or even explore

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

the question in an *Anders* submission, unless the defendant wants his guilty plea set aside. *United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Roahrig has given no indication that he wishes to withdraw his plea or the underlying agreement, so we need not examine this potential issue.

Counsel also considers whether the district court erred when it denied Roahrig's motion filed under *Kastigar v. United States,* 406 U.S. 441, 460–62, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Under *Kastigar,* evidence can be offered against a person who has been granted use immunity only if the evidence is derived from a source independent of the compelled testimony. Roahrig entered into an agreement with the government providing for use immunity in May 2000, more than two years before he was indicted. Counsel filed a motion pursuant to *Kastigar,* but during the hearing on the motion the parties advised the court that they would resolve the issue informally. As part of the plea agreement, the parties agreed to count as relevant conduct only trafficking conduct known by the government before Roahrig entered into the immunity agreement and was interviewed by law enforcement. Consequently, Roahrig was satisfied that nothing he told the government was being used against him, and the district court then denied his motion as unsupported. Because Roahrig abandoned his motion, he has waived any appellate issue regarding his immunity. *United States v. Johnson,* 289 F.3d 1034, 1041 (7th Cir.2002). Thus, we agree with counsel that any challenge based on Roahrig's motion pursuant to *Kastigar* would be frivolous.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.